## MOODY et al. v. FLAGG et al.

### (Circuit Court, D. Massachusetts. November 11, 1903.)

### No. 1,525.

1. TRUSTS—CONSTRUCTION.
   Where an instrument creating a trust provided that, whenever a majority in interest of the beneficiaries should vote to transfer the property to a corporation, the trustee should convey the same, discharged of the trust, and that the proceeds of such sale, after payment of liabilities of the associated beneficiaries, should be divided among the beneficiaries, and on such division, sale, and transfer, if no further property remained in the trustee, the association should be dissolved, such provision contemplated a sale by the trustee only for cash.

2. SAME—ACTION AGAINST TRUSTEE—PLEADING.
   Where a trust authorized the trustee to sell the property for cash only, a bill alleging that he threatened to transfer, or had already transferred, the property to a corporation for no consideration except the shares of such corporation, was not demurrable.

3. SAME—MULTIFARIOUSNESS.
   Where a trustee acted for the beneficiaries in the administration of a trust and as manager of the business of an association operating the trust property, a bill against such trustee alleging breaches of trust both in his capacity as trustee and as manager was not multifarious.

4. SAME—JOINDER OF ACTIONS.
   Where a bill was brought against a trustee for alleged breach of trust, for an accounting, and to restrain a transfer of the trust property, an action against members of an executive committee, appointed to manage such trust property for an association of beneficiaries, charging conspiracy with the trustee to effect the alleged transfer, was not germane to the cause alleged in the bill, and could not be joined therewith.

In Equity.

Brandeis, Dunbar & Nutter and Storey, Thorndike & Palmer, for complainants.

Dunbar & Rackemann and George A. Rockwell, for defendants.

COLT, Circuit Judge. In its essential character this is a bill brought by beneficiaries against a trustee for an injunction and an account. Each of the two defendants who are before the court has demurred to the bill for want of equity and on the further ground of multifariousness. It is clear that the bill sets forth a good cause in

equity against the defendant Flagg, if article 7 of the declaration of trust only provides for a cash sale of the property of the association. The article reads, as follows:

"Seventh. Whenever a majority in interest shall, at a meeting duly called for that purpose, vote to transfer the property and business of the association, or any portion thereof, to a corporation legally authorized to receive and hold the same, or to any other party or persons, the trustee shall convey and transfer the same free and discharged of this trust, and thereafter no member of this association shall have any claim to or right in said property, patents and business, or the beneficial results thereafter accruing from the property and patents so sold and transferred (except he may be a stockholder to such corporation or otherwise interested in the purchase); and the proceeds of such sale shall, after all debts and liabilities of the association and business are paid, be divided among the members according to their respective interests; and upon such division, sale and transfer, if no further property remains in said trustee, this association shall be dissolved."

The meaning of this article, upon careful reading of the whole paragraph, seems to be plain, unmistakable, and free from doubt. It contemplates the sale of the property for cash, and I do not think it is susceptible of any other rational interpretation. The closing words of the article fix the character of the sale. It is to be a sale in which "the proceeds," after the debts of the association are paid, are to be "divided among the members according to their respective interests." All which precedes these words is merely declaratory, and to the effect that the trustee, whenever a majority in interest so vote, may transfer or sell the whole or a part of the property to a corporation or a person. Any other construction of the article is forced, and leads to such confusion that the provisions become contradictory and unintelligible. From this construction of article 7 it follows that the bill is not demurrable for want of equity, since it alleges that the defendant Flagg, the trustee under the declaration of trust, threatens to transfer, or has already transferred, the property of the association to a corporation of the same name, for "no consideration except the shares of said corporation."

Nor do I think, as against Flagg, that the bill is multifarious, in that it seeks to join separate and independent causes of action. The bill is brought against Flagg in respect to his administration of the trust and of the business of the association. It appears that he held the legal title to the property, and it is alleged that he controlled and conducted the business of the association. Upon the state of facts set forth in the bill he occupied a fiduciary relation towards the complainants, both as trustee under the declaration of trust and as active manager of the business of the association; and he is charged with breaches of trust in respect to both these matters. Further, if there is a technical distinction in the capacities in which Flagg is sued, it may be said that all the breaches of trust complained of concern the same subject-matter, and may be conveniently tried in the same action.

As to the remaining defendants, I am of the opinion that the bill does not disclose sufficient grounds for an accounting against them as members of the executive committee, and that, so far as they are charged with conspiracy in connection with Flagg to effect an illegal

transfer of the property to a new corporation, a separate and independent cause of action is set forth, which is not in any way germane to the bill. Maynadier and Fullerton were charged with no duty with respect to the alleged transfer of the property, and any allegation that such transfer was procured with their connivance, or as the result of a conspiracy, assuming it were properly pleaded, would seem to resolve itself into an action at law for damages.

The demurrer of defendant Flagg is overruled. The demurrer of defendant Maynadier is sustained.